IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M RAPER, JR.                                                    PLAINTIFF

v.                         Civil No. 4:21-cv-04067

GOVERNER ASA HUTCHINSON; TINA
MAXWELL; J. MINORS; ROSE BRAYLEE;
And KEFEE COFFEE INTERNATIONAL                           DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff James M. Raper, Jr., pursuant to 42 U.S.C. §
1983. Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. §
636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred
this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §
1915A(a).  Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which
a prisoner seeks redress from a governmental entity or officer or employee of a governmental
entity.

## I.  BACKGROUND

Plaintiff filed his original Complaint on October 14, 2021. (ECF No. 1). That same day
Plaintiff was directed to file an Amended Complaint. (ECF No. 2). He did so on October 26, 2021.
(ECF No. 4). However, after reviewing the Amended Complaint the Court directed Plaintiff to file
a Second Amended Complaint to further clarify his claims. (ECF No. 11). On November 29, 2021,
Plaintiff filed a Second Amended Complaint. (ECF No. 12).[1]

---

[1] On December 8, 2021, the Court consolidated the instant lawsuit with another lawsuit filed by Plaintiff –
Case 21-4070 – because the Court determined the lawsuits involved common questions of law and fact. (ECF No. 14).

Plaintiff is no longer incarcerated.[2]  His claims in this lawsuit stem from alleged civil rights violations while he was incarcerated in the Southwest Arkansas Community Correction Center ("SWACCC"). Plaintiff names the following Defendants in the Second Amended Complaint: Asa Hutchinson – Governor of the State of Arkansas; Tina Maxwell – "Former Warden" at the SWACCC; J. Minors – "Warden/Former Assistant Warden" at the SWACCC; Rose Braylee – an employee of Keefe Coffee International described by Plaintiff as "Head Commissary"; and Keefe Coffee International ("Keefe"). (ECF No. 12, pp. 1, 3). Plaintiff is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 7.

In Claim One, Plaintiff identifies Defendants Hutchinson, Maxwell, Minors, and Braylee as the Defendants involved and describes the claim as "Facility failed to protect 300 resident 'myself' from a deadly disease". (ECF No. 12, p. 4). He claims on September 1, 2021, "Rose Braylee – Infected/brought in Covid to facility and infected residents. Asa Hutchison failed to vaccinate, protect, or care for infected residents; Tina Maxwell/J. Minors failed to protect wards of state from deadly disease. Caused unknown fear; PTSD; loss of taste and smell". *Id.* Plaintiff does not provide any description of his official capacity claim for Claim One. *Id.* at p. 5.

In Claim Two, Plaintiff identifies Governor Hutchison, Maxwell and Minors as the Defendants involved and describes his claim against them as "offered vaccinations that never came till after disease spread". He states this occurred between "June – Oct 2021". (ECF No. 12, p. 5). Plaintiff goes on to state, "Had vaccines and even bragged on TV about step taken. Even after COVID ravaged building once they allowed employee to infect entire building AGAIN." *Id.*

---

[2]Plaintiff's application to *proceed in forma pauperis* ("IFP") was granted on November 15, 2021.  On November 30, 2021, Plaintiff notified the Court he would be released from custody on December 8, 2021, and provided the Court with his new address. (ECF No. 13). On December 9, 2021, the Court ordered Plaintiff to resubmit affidavits by December 30, 2021, to determine if he should be required to pay all, or a portion of, the fees and cost of this lawsuit because he has been released from custody. (ECF No. 15).

Again, although he indicates he is suing Defendants Hutchison, Maxwell, and Minors in their official capacity as well, Plaintiff does not provide any facts or description in support of that claim. *Id.* at p. 6.

In Claim 3, Plaintiff identifies Braylee as the Defendant involved and states in September of 2021, "Rose Braylee came to work without mask and positive for COVID according to prison records. She went to every floor spreading the disease. Every resident here had to tested negative." (ECF No. 12, p. 6). Plaintiff does not provide any facts or description of his official capacity claim against Defendant Braylee. *Id.* at p. 7.

On pages 8 and 9 of the Second Amended Complaint, Plaintiff describes the following "Facts of Complaint" as follows:

A) Rose Braylee, an employee with Keefe Coffee Company; infected the 'residents' at [SWACCC] with COVID 19 D strain. She has access to every resident in the building.
B) Asa Hutchison, Governor of State of Arkansas, has a contract with Keefe Coffee to provide commissary to SWACCC.
C) Tina Maxwell, then Warden of SWACCC, had already experienced a COVID outbreak early in January but did nothing to prevent a second outbreak.
D) J. Minors, Assistant Warden now acting Warden, also did nothing to prevent second outbreak in facility.
E) Attempts to get help was met with being sprayed with Lysol by the counselors of facility. How grievance process is required to start.
F) All parties played an active/coverup role in the second COVID 19 D outbreak in facility.
G) Asa Hutchison kept advertise and requested vaccine from 'residents' at facility. Vaccine was finally administered after disease ran through building.
H) I watched my bushmate's health deteriorate to the point of hospitalization. He was not taken. He suffers effects still today.
I) I can neither taste nor smell what I could before because of Covid 19 strain D.
J) Asa Hutchison failed to properly take care of his 'wards' of the state almost killing 150 men.

(ECF No. 12, pp. 8-9).

## II. APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Individual Capacity Claims against Defendants Maxwell, Minors and Braylee

In his Second Amended Complaint Plaintiff alleges he was subjected to various unlawful conditions of confinement at the SWACCC. In Claim One, Plaintiff alleges Defendants Maxwell, Minors, and Braylee failed to protect him from Covid 19. (ECF No. 12, p. 4). In Claim Two, Plaintiff alleges Maxwell and Minors "had vaccine but would not give them to residents". *Id.* at p.

5. In Claim Three, Plaintiff alleges Defendant Braylee "introduced deadly disease to residents" at the SWACCC by coming to work without a mask while she was "positive for Covid". *Id.* at p. 6.

For purposes of initial screening, the Court finds Plaintiff has stated claims against Defendants Maxwell, Minors, and Braylee. Accordingly, I recommend Plaintiff's individual capacity claims against these Defendants proceed.

### B. Individual Capacity Claims against Defendants Hutchinson and Keefe

The Court finds Plaintiff has failed to state any individual capacity claims in the Second Amended Complaint against Defendants Hutchinson and Keefe. Liability under § 1983 requires personal involvement. *Frederick v. Motsinger,* 873 F.3d 641, 646 (8th Cir. 2017). "To establish personal liability of [a supervisory defendant], Plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)*.* A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.,* 436 U.S. 654, 694 (1978).

Here, Defendant Hutchinson is the Governor of the State of Arkansas and is not directly involved in the day-to-day operations of the SWACCC. Defendant Keefe is the corporate employer of Defendant Braylee. Plaintiff has not made any factual allegations that Defendant Keefe was directly involved or directly responsible for Defendant Braylee's alleged actions of exposing Plaintiff and others to Covid 19. Plaintiff has not alleged any facts to demonstrate any "causal connection between any action [on the part of these Defendants] and the alleged deprivation" of Plaintiff's rights. *Kohl v. Casson,* 5 F.3d 1141, 1149 (8th Cir. 1993). Accordingly, Plaintiff has failed to state any plausible claims in his Second Amended Complaint against

Defendants Hutchinson or Keefe.  Accordingly, I recommend the individual capacity claims against them be dismissed.

### C.  Official Capacity Claims

Plaintiff also sues Defendants in their official capacity. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Here, Plaintiff's official capacity claims against Defendant Hutchinson, Maxwell and Minors are claims against the State of Arkansas. Plaintiff's official capacity claims against Defendant Braylee are claims against her employer – Defendant Keefe.

To establish official capacity liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity [or employer]".  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).  To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

First, Plaintiff has failed to describe any policy or custom of any of the Defendants' employers that contributed to the alleged violation of Plaintiff's constitutional rights. Second, all official capacity claims against Defendants Hutchison, Maxwell, and Minors are also subject to dismissal because their employer – the State of Arkansas – is immune from suit.  In Arkansas, the governor is an officer of the state.  Ark. Const. amend. 80, §20. Defendants Maxwell and Minors are employees of the SWACCC – a state agency.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendants Hutchinson, Maxwell, and Minors are therefore barred by the Eleventh Amendment.

## V. CONCLUSION

For the reasons stated above, I recommend the following:

(1) the individual capacity claims against Defendants Maxwell, Minors, and Braylee proceed;

(2) the individual capacity claims against Defendants Hutchinson and Keefe be dismissed for failure to state a claim; and

(3) the official capacity claims against all Defendants be dismissed for failure to state a claim.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 6th day of January 2022.

*/s/ Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE