IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M RAPER, JR.                                                                                    PLAINTIFF

v.                                  Civil No. 4:21-cv-04067

TINA MAXWELL; J. MINORS; and
ROSE BRAYLEE                                                                                         DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES MATHIS RAPER, JR.                                                                               PLAINTIFF

v.                                  Civil No. 4:21-cv-04070

TINA MAXWELL, Warden, Southwest Arkansas
Community Corrections ("SWACCC:"); J MINORS,
Assistant Warden, SWACCC; and ROSE BRAYLEE, also
Known as Rose Braley Commissary Prison Contract Provider, SWACCC       DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Tina Maxwell and J. Minors. (ECF No. 24). Plaintiff has filed a Response in opposition to the motion. (ECF No. 28). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff filed his original Complaint on October 14, 2021. (ECF No. 1). That same day Plaintiff was directed to file an Amended Complaint. (ECF No. 2). He did so on October 26, 2021. (ECF No. 4). After reviewing the Amended Complaint, the Court directed Plaintiff to file a Second

1

Amended Complaint to further clarify his claims. (ECF No. 11). On November 29, 2021, Plaintiff filed a Second Amended Complaint. (ECF No. 12).[1]

Plaintiff is currently incarcerated in the Arkansas Division of Corrections – North Central Unit. His claims in this lawsuit stem from alleged civil rights violations while he was incarcerated in the Southwest Arkansas Community Correction Center ("SWACCC"). Plaintiff named the following Defendants in the Second Amended Complaint: Asa Hutchinson – Governor of the State of Arkansas; Tina Maxwell – "Former Warden" at the SWACCC; J. Minors – "Warden/Former Assistant Warden" at the SWACCC; Rose Braley[2] – an employee of Keefe Coffee International described by Plaintiff as "Head Commissary"; and Keefe Coffee International ("Keefe"). (ECF No. 12, pp. 1, 3). Plaintiff sues Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 7.

On January 6, 2022, the Court entered a Report and Recommendation recommending: (1) the individual capacity claims against Defendants Maxwell, Minors and Braley proceed; (3) the individual capacity claims against Defendants Hutchinson and Keefe be dismissed for failure to state a claim; and (3) the official capacity claims against all Defendants be dismissed for failure to state a claim. (ECF No. 18). On February 9, 2022, the Honorable Susan O. Hickey adopted the Report and Recommendation *in toto*. (ECF No. 22).

In Claim One, Plaintiff identifies Defendants Maxwell, Minors, and Braley as the Defendants involved and describes the claim as "Facility failed to protect 300 resident 'myself' from a deadly disease". (ECF No. 12, p. 4). He claims on September 1, 2021, "Rose Braylee – Infected/brought in Covid to facility and infected residents…Tina Maxwell/J. Minors failed to

---

[1] On December 8, 2021, the Court consolidated the instant lawsuit with another lawsuit filed by Plaintiff – Case 21-4070 – because the Court determined the lawsuits involved common questions of law and fact. (ECF No. 14).
[2] Defendant Braley is incorrectly identified in the case caption as Rose Braylee. (ECF No. 29).

2

protect wards of state from deadly disease. Caused unknown fear; PTSD; loss of taste and smell". *Id.*

In Claim Two, Plaintiff identifies Maxwell and Minors as the Defendants involved and describes his claim against them as "offered vaccinations that never came till after disease spread". He states this occurred between "June – Oct 2021". (ECF No. 12, p. 5). Plaintiff goes on to state, "Had vaccines and even bragged on TV about step taken. Even after COVID ravaged building once they allowed employee to infect entire building AGAIN." *Id.*

In Claim 3, Plaintiff identifies Braley as the Defendant involved and states in September of 2021, "Rose Braylee came to work without mask and positive for COVID according to prison records. She went to every floor spreading the disease. Every resident here had to tested negative." (ECF No. 12, p. 6).

On pages 8 and 9 of the Second Amended Complaint, Plaintiff describes the following "Facts of Complaint" in relevant part as follows:

- A) Rose Braylee, an employee with Keefe Coffee Company; infected the 'residents' at [SWACCC] with COVID 19 D strain. She has access to every resident in the building.
- B) …
- C) Tina Maxwell, then Warden of SWACCC, had already experienced a COVID outbreak early in January but did nothing to prevent a second outbreak.
- D) J. Minors, Assistant Warden now acting Warden, also did nothing to prevent second outbreak in facility.
- E) Attempts to get help was met with being sprayed with Lysol by the counselors of facility…
- F) All parties played an active/coverup role in the second COVID 19 D outbreak in facility.
- G) …Vaccine was finally administered after disease ran through building.
- H) …
- I) I can neither taste nor smell what I could before because of Covid 19 strain D…

(ECF No. 12, pp. 8-9).

On March 15, 2022, Defendants Maxwell and Minors filed a Motion to Dismiss arguing Plaintiff failed to state any claim against them under Claims 1 or 2 of the Second Amended Complaint, Plaintiff does not provide any specific factual allegations against them, and even if

what Plaintiff has alleged is true, he fails to state a claim for relief for failure to protect or failure to provide medical care relating to Covid 19. (ECF No. 24). In addition, Defendants argue they are entitled to qualified immunity, Plaintiff does not identify what actions they failed to take to protect him from Covid-19, Defendants were not personally involved or responsible for Plaintiff's Covid-19 vaccination, and they are not medical providers and cannot vaccinate Plaintiff or withhold vaccines from Plaintiff. (ECF No. 25, pp. 4-7).

In response Plaintiff argues Defendants Maxwell and Minors "INACTION and ignoring of protective steps that is the issue. The inability to protect wards of the state can be just as deadly, as hand on direct action." (ECF No. 28). Plaintiff goes on to state, "Having vaccinations available by the defendants, but never administering them. This is failure to protect from Covid-19." *Id.* In addition, Plaintiff states Defendants were negligent when they "were either unable or unwilling to enforce" [SWACCC's] policies and procedures for preventing the spread of Covid-19 such as wearing face masks. Plaintiff argues Defendants Maxwell and Minors did not make Defendant Braley wear a mask when she was at the SWACCC. *Id.* at pp. 3-4.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S.

at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft,* 566 U.S. 678. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

### III. DISCUSSION

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

As an initial matter, Plaintiff was given two opportunities by the Court to state his claims against Defendants. The law is clear to establish individual capacity liability Plaintiff must write short, plain statements in his complaint telling the Court: the constitutional rights the Plaintiff believes were violated; the name of the Defendants who violated the right; exactly what the Defendants did or failed to do; how the action or inaction of the Defendants is connected to the violation of the constitutional rights; and what specific injury the Plaintiff suffered because of the misconduct of the Defendants. *See Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8.

Construing Plaintiff's allegations liberally the Court permitted Plaintiff to proceed against Defendants Maxwell and Minors in their individual capacity. After reviewing Plaintiff's allegations against these Defendants for a third time considering the instant motions, Plaintiff's Responses, and the law cited by the parties the Court now recommends Plaintiff's claims against Defendants Maxwell and Minors be dismissed for failure to state claim.

First, Plaintiff's allegations that Defendants Maxwell and Minors "failed to protect wards from Covid-19" are too broad and generalized to implicate any of the "rights, privileges, or immunities" protected by § 1983. Covid-19 is a disease caused by a novel coronavirus that began infecting humans in late 2019. *Frazier v. Kelley,* 460 F. Supp. 3d 799, 810 (E.D. Ark. 2020). The World Health Organization declared Covid-19 a pandemic on March 11, 2020. *Id.* The Covid-19 pandemic has created a public health emergency. *Id*. In addition, Covid-19 has proven highly contagious in congregate environments such as nursing home facilities, cruise ships, naval aircraft carriers, and prisons. *Id.* There is no cure for Covid-19, and once contracted it can have life-threatening consequences, particularly for people who have certain underlying medical conditions, have a disability, or are over the age of 50. *Id.* The incubation period for Covid-19 is typically five days but can vary from as short as two days to an infected individual never developing symptoms. *Id.* There is evidence that transmission can occur before the development of infection from infected individuals who remain asymptomatic or never develop symptoms. *Id.*

In *Frazier,* 460 F. Supp. 3d 799, 836 (E.D. Ark. 2020)*,* several inmates sued the Arkansas Department of Community Corrections ("ADCC") alleging the defendants failed to protect them against Covid-19. The defendants identified many actions they took in response to Covid-19 beginning in April of 2020 including implementing procedures to encourage social distancing, decreasing incoming residents into ADCC facilities, providing cleaning supplies to residents and

6

tasking an assigned team of residents with responsibility for cleaning, testing of staff and residents for Covid-19, providing soap and water to residents, providing alcohol and non-alcohol-based hand sanitizer to residents, quarantining of residents, and issuing two masks per resident with the expectation that staff and residents all will wear masks. *Id.* at p. 824.[3] In addressing the plaintiffs' motion for a preliminary injunction the court in *Frazier* stated, "at this stage of the proceedings, the record evidence suggests that, over time, defendants have adopted policies and practices in response to Covid-19." *Id.* This Court will take judicial notice of these Court records. *See* Fed. R. Evid. 201; *see also Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (noting the district court correctly took judicial notice of public court records).

In Claim One, Plaintiff does not identify what actions, if any, Defendant failed to take to protect him from Covid-19. Instead, he states Defendants "did nothing to prevent second outbreak in facility." (ECF No. 12, p. 8). These allegations are conclusory and do not meet the requirement for pleading a cause of action set out under *Iqbal.* Likewise, in Claim Two of the Second Amended Complaint Plaintiff fails to state any facts supporting the conclusory allegation that Defendants Maxwell and Minors were responsible for withholding Plaintiff's Covid-19 vaccination. Plaintiff describes Maxwell and Minors as "former warden" and "assistant warden" in the Second Amended Complaint. He does not provide any facts to demonstrate, nor does he allege, these Defendants had any personal involvement in administering or withholding vaccines.

For the same reason, Plaintiff's allegations in Claim Two that these Defendants failed to provide him with medical care because they failed to provide him with the Covid-19 vaccine also fails. Even if Defendants had any authority over or involvement in the administration of or distribution of vaccines, any failure to do so would constitute negligence at most. Plaintiff has not

---

[3] A more detailed description of the measures taken by the ADCC can be found at pages 823-828.

provided the Court with any facts to demonstrate either Maxwell or Minors were deliberately indifferent to his medical needs. In fact, in his Response Plaintiff specifically states, "Defendants…failed to protect…they did this either out of negligence or the legal inability to discipline a non-state employee [for not wearing a mask]." (ECF No. 28, p. 3). The law is clear, negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986*); Estelle v. Gamble*, 429 U.S. 97 (1976).

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendants Maxwell and Minors' Motion to Dismiss (ECF No. 24) be granted and all Plaintiff's claims against them be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 6th **day of May 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE