IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M RAPER, JR.                                                                    PLAINTIFF

v.                            Civil No. 4:21-cv-04067

TINA MAXWELL; J. MINORS; and
ROSE BRAYLEE                                                                         DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES MATHIS RAPER, JR.                                                                PLAINTIFF

v.                            Civil No. 4:21-cv-04070

TINA MAXWELL, Warden, Southwest Arkansas
Community Corrections ("SWACCC:"); J MINORS,
Assistant Warden, SWACCC; and ROSE BRAYLEE, also
Known as Rose Braley Commissary Prison Contract Provider, SWACCC     DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Rose Braley – incorrectly identified as Rose Braylee in Plaintiff's pleadings and on the Court's docket. (ECF No. 29). Plaintiff has filed a Response in opposition to the motion. (ECF No. 33). Defendant Braley has filed a Reply. (ECF No. 35). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his original Complaint on October 14, 2021. (ECF No. 1). That same day Plaintiff was directed to file an Amended Complaint. (ECF No. 2). He did so on October 26, 2021. (ECF No. 4). After reviewing the Amended Complaint, the Court directed Plaintiff to file a Second

1

Amended Complaint to further clarify his claims. (ECF No. 11). On November 29, 2021, Plaintiff filed a Second Amended Complaint. (ECF No. 12).[1]

Plaintiff is currently incarcerated in the Arkansas Division of Corrections – North Central Unit. His claims in this lawsuit stem from alleged civil rights violations while he was incarcerated in the Southwest Arkansas Community Correction Center ("SWACCC"). Plaintiff named the following Defendants in the Second Amended Complaint: Asa Hutchinson – Governor of the State of Arkansas; Tina Maxwell – "Former Warden" at the SWACCC; J. Minors – "Warden/Former Assistant Warden" at the SWACCC; Rose Braley – an employee of Keefe Coffee International described by Plaintiff as "Head Commissary"; and Keefe Coffee International ("Keefe"). (ECF No. 12, pp. 1, 3). Plaintiff sues Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 7.

On January 6, 2022, the Court entered a Report and Recommendation recommending: (1) the individual capacity claims against Defendants Maxwell, Minors and Braley proceed; (3) the individual capacity claims against Defendants Hutchinson and Keefe be dismissed for failure to state a claim; and (3) the official capacity claims against all Defendants be dismissed for failure to state a claim. (ECF No. 18). On February 9, 2022, the Honorable Susan O. Hickey adopted the Report and Recommendation *in toto.* (ECF No. 22).

In Claim One, Plaintiff identifies Defendants Maxwell, Minors, and Braley as the Defendants involved and describes the claim as "Facility failed to protect 300 resident 'myself' from a deadly disease".[2] (ECF No. 12, p. 4). He claims on September 1, 2021, "Rose Braylee –

---

[1] On December 8, 2021, the Court consolidated the instant lawsuit with another lawsuit filed by Plaintiff – Case 21-4070 – because the Court determined the lawsuits involved common questions of law and fact. (ECF No. 14).
[2] On May 6, 2022, the Court entered a Report and Recommendation (ECF No. 42) recommending all claims against Defendants Maxwell and Minors be dismissed.

2

Infected/brought in Covid to facility and infected residents…Caused unknown fear; PTSD; loss of taste and smell". *Id.*

In Claim 3, Plaintiff identifies Braley as the Defendant involved and states in September of 2021, "Rose Braylee came to work without mask and positive for COVID according to prison records. She went to every floor spreading the disease. Every resident here had to tested negative." (ECF No. 12, p. 6).

On pages 8 and 9 of the Second Amended Complaint, Plaintiff describes the following "Facts of Complaint" involving Defendant Braley as follows:

> A) Rose Braylee, an employee with Keefe Coffee Company; infected the 'residents' at [SWACCC] with COVID 19 D strain. She has access to every resident in the building.
> B) …
> C) ….
> D) …
> E) …
> F) All parties played an active/coverup role in the second COVID 19 D outbreak in facility.
> G) …
> H) …
> I) I can neither taste nor smell what I could before because of Covid 19 strain D…

(ECF No. 12, pp. 8-9).

On March 3, 2022, Defendant Braley filed a Motion to Dismiss arguing Plaintiff failed to state any claims against her under Claims 1 or 3 of the Second Amended Complaint because: 1) the facts do not demonstrate a sufficient causal link between Defendant Braley's alleged actions and Plaintiff's alleged harm; and 2) even if true, the facts alleged fail to show Defendant Braley acted with deliberate indifference as required in a § 1983 claim. (ECF No. 29).

In in Response Plaintiff claims Defendant Braley's motion was untimely and argues in part:

> …plaintiff was a resident at SWACCC from June 6 2021 to December 8 2021…Rose Brayle, did work at SWACCC for Keefe Coffee Company during this time…plaintiff on numerous trips to the commissary window and while watching

> Rose Brayley load vending machines saw Ms Brayley without a mask…Plaintiff was incarcerated with defendants nephew who at the end of August announced 7 members of his family had contracted Covid…
>
> …Plaintiff was on the same floor with the 3 commissary workers who were pulled into isolation after contracting Covid-19 from the defendant…Every resident at SWACCC had been isolated for 14 days to make sure they were Covid free. Residents were not allowed outdoors or around anyone other that SWACCC staff. Rose Brayle was the only staff member who A) had family test positive…B) refused to wear a mask. That is a direct causel link for the outbreak and supported with SWACCC records…
>
> Defendant continued to work when exposed to 7 family members who tested positive…SWACCC records show she was required to stay at home after testing positive to Covid 19…Defendant stated 'I don't believe in the Covid mask stuff, it is Biden and Harris trying to make us get vaccinated'…the defendant only had to infect 3 residents to spread the disease throughout the building. Those 3 residents were pulled when testing positive after weeks of no Covid exposure.

(ECF No. 33). Plaintiff goes on to ask the Court to deny Defendant Braylee's motion "based upon the law which shows that no action on the part of the defendants is just as negligent and dangerous as doing something improper to an individual." *Id.* at p. 6.

On March 18, 2022, Defendant Braley filed a Reply. (ECF No. 35). She argues the motion to dismiss was timely filed on March 3, 2022, Plaintiff improperly attempts to amend the factual allegations in his complaint in his Response, and even assuming the improperly plead facts are true, Plaintiff still fails to state a claim against her. *Id.* at pp. 1-3.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft,* 566 U.S. 678. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

### III. DISCUSSION

#### A. Defendant Braley's Motion to Dismiss is Timely

Plaintiff claims Defendant Braley's motion should be denied because it was untimely. This argument is without merit. The docket shows Defendant Braley timely filed the instant motion on March 2, 2022 – just seven days after her counsel entered an appearance on her behalf and prior to the date Defendant Braley was served with the Second Amended Complaint. (ECF Nos. 27, 29).

#### B. Conditions of Confinement

Although Plaintiff sets forth two claims against Defendant Braley, the distinction between the claims is not clear in the Second Amended Complaint. The Court construes each of Plaintiff's claims - which are based on the alleged failure of Defendant Braley to follow the MCDC's rules relating to Covid-19 - as claims for unlawful conditions of confinement.[3] Construing Plaintiff's

---

[3] Covid-19 is a disease caused by a novel coronavirus that began infecting humans in late 2019. *Frazier v. Kelley,* 460 F. Supp. 3d 799, 810 (E.D. Ark. 2020). The World Health Organization declared Covid-19 a pandemic on March 11, 2020. *Id.* The Covid-19 pandemic has created a public health emergency. *Id*. In addition, Covid-19 has proven highly contagious in congregate environments such as nursing home facilities, cruise ships, naval aircraft carriers, and

allegations liberally the Court initially permitted Plaintiff to proceed against Defendant Braley in her individual capacity. After reviewing Plaintiff's allegations against her for a third time considering the instant motion, Plaintiff's Response, and the law cited by the parties the Court now recommends Plaintiff's claims against Defendant Braley be dismissed for failure to state claim.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's

---

prisons. *Id.* There is no cure for Covid-19, and once contracted it can have life-threatening consequences, particularly for people who have certain underlying medical conditions, have a disability, or are over the age of 50. *Id.* The incubation period for Covid-19 is typically five days but can vary from as short as two days to an infected individual never developing symptoms. *Id.* There is evidence that transmission can occur before the development of infection from infected individuals who remain asymptomatic or never develop symptoms. *Id.*

conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. Deliberate indifference is equivalent to criminal recklessness and requires a "reckless disregard to a known risk." *Schaub v. VonWald,* 638 F.3d 905, 014 (8th Cir. 2011). Negligence and even gross negligence are not enough. *Patterson v. Kelley,* 902 F.3d 845, 849 (8th Cir. 2018).

Here, Plaintiff alleges he saw Defendant Braley on only a few occasions without a mask when she was behind a window at the commissary and when she was refilling vending machines. (ECF No. 33, p. 3). Plaintiff provides no factual allegations that she was in close contact with him or other inmates without any barrier between her and other inmates at any time. *See Smith v. Faust*, 3:20-CV-390-DPM, 2021 WL 1299196 (E.D. Ark. Apr. 7, 2021) (allowing only those claims which alleged prolonged interaction or close contact without a mask to proceed); *Hill v. Page*, 321CV00046BRWJJV, 2021 WL 2677359, at *3 (E.D. Ark. June 8, 2021), Report and Recommendation adopted, 321CV00046BRWJJV, 2021 WL 2666851 (E.D. Ark. June 29, 2021), aff'd, 21-2782, 2021 WL 6808426 (8th Cir. Dec. 23, 2021) (questioning causal link where plaintiff did not allege close contact with defendant).

Moreover, Plaintiff clarifies his allegations and alleges Defendant Braley only may have known that she had possibly been exposed to COVID-19. (ECF No. 33, p. 5). And, once she tested positive, Plaintiff alleges Defendant Braley isolated herself away from work. *Id.* Accordingly, Plaintiff fails to show a causal connection between Defendant Braley's alleged actions and the alleged COVID-19 outbreak at SWACCC. At most, Plaintiff alleges Defendant Braley only knew that she had some possible exposure to COVID-19. Similar

7

facts have been held as insufficient to meet the pleading standard for a § 1983 claim. *See supra*, *Hill*, 2021 WL 2677359, at *2 (E.D. Ark. June 8, 2021) (dismissing complaint against prison guard where guard had interacted with known positive inmates then failed to wear a mask around other inmates).

Finally, Plaintiff has not provided the Court with any facts to demonstrate Defendant Braley was deliberately indifferent to his health or safety. At most, her alleged actions were negligent. In his Response Plaintiff specifically asks the Court to deny Defendant Braley's motion to dismiss "based upon the law which shows that no action on the part of the defendants is just as *negligent* (emphasis added) and dangerous as doing something improper to an individual." (ECF No. 33, p. 6). The law is clear, negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986*); Estelle v. Gamble*, 429 U.S. 97 (1976).

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Braley's Motion to Dismiss (ECF No. 29) be granted and all Plaintiff's claims against her be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 17th **day of May 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE