IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M. RAPER, JR.                                                                                          PLAINTIFF

v.                                          Civil No. 4:21-cv-4067

TINA MAXWELL;
J. MINORS; and
ROSE BRAYLEE[1]                                                                                           DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 42). Judge Bryant recommends that the Court grant Defendants Tina Maxwell and J. Minors' motion to dismiss. Plaintiff James M. Raper, Jr. objects.

Also before the Court is a second Report and Recommendation issued by Judge Bryant. (ECF No. 43). Judge Bryant recommends that the Court grant Defendant Rose Braylee's motion to dismiss. Plaintiff objects. The matters are ripe for consideration.

## I. BACKGROUND

On October 14, 2021, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2021, Plaintiff filed a second amended complaint, which remains the operative complaint. Construing the complaint liberally, Plaintiff alleges that Defendants violated his Eighth Amendment rights while he was incarcerated in the Southwest Arkansas Community Correction Center ("SWACCC").

---

[1] Defendant Braylee states that her name is correctly spelled "Rose Braley." For consistency, the Court will spell her name throughout this order as it is spelled in Plaintiff's pleadings.

Plaintiff alleges that Defendant Braylee—an employee of Keefe Coffee International, a company that provides commissary to the SWACCC—entered the facility while positive for COVID-19, did not wear a mask, and went to every floor of the facility, thereby infecting an unspecified number of inmates.  He alleges that Defendant Maxwell, the former warden at the SWACCC, and Defendant Minors, the now-warden and former assistant warden at the SWACCC, failed to protect him and other inmates because they did nothing to stop or prevent the COVID-19 outbreak.  Plaintiff also alleges that Defendants Maxwell and Minors had COVID-19 vaccines at the SWACCC for the inmates but did not distribute them until after the COVID-19 outbreak occurred.

On February 15, 2022, Defendants Maxwell and Minors filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 24).  On March 3, 2022, Defendant Braylee also filed a Rule 12(b)(6) motion.  (ECF No. 29).  Plaintiff opposes both motions.  (ECF Nos. 28, 33).

On May 6, 2022, Judge Bryant issued a report and recommendation addressing Defendants Maxwell and Minors' motion.  (ECF No. 42).  On May 17, 2022, Judge Bryant issued a second report and recommendation addressing Defendant Braylee's motion.  (ECF No. 43).  Judge Bryant recommends that the Court grant both motions and dismiss this case with prejudice.  Plaintiff objects.  (ECF Nos. 44, 45).

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### III.  DISCUSSION

There are two reports and recommendations before the Court. The Court will begin with the report and recommendation on Defendants Maxwell and Minors' motion. Then the Court will take up the report and recommendation on Defendant Braylee's motion.

**A. Defendants Maxwell and Minors**

Plaintiff claims that Defendants Maxwell and Minors failed to protect him from a COVID-19 outbreak started by Defendant Braylee. He also claims that Defendants Maxwell and Minors

3

had COVID-19 vaccines available to give the inmates but failed to do so until after the outbreak occurred.

Defendants argue, and Judge Bryant agrees, that Plaintiff has not stated a claim upon which relief can be granted. Judge Bryant finds that Plaintiff's allegations are too broad and conclusory to implicate a constitutional right. Judge Bryant notes that Plaintiff alleges no facts establishing what actions Defendants Maxwell and Minors took or failed to take to prevent the outbreak. Likewise, Judge Bryant notes that Plaintiff failed to allege that Defendants Maxwell and Minors were medical personnel or had any personal involvement in administering or withholding COVID-19 vaccines. Judge Bryant finds further that, to the extent that Defendants Maxwell and Minors had authority over how and when vaccines are distributed, their failure to timely supply the vaccines was negligence, at most, and does not rise to the level of deliberate indifference.

Plaintiff objects. His objections are largely unresponsive to the report and recommendation and reiterate his claims that Defendants Maxwell and Minors failed to timely distribute COVID-19 vaccines and prevent the COVID-19 outbreak. He also argues that Defendants Maxwell and Minors allowed Defendant Braylee into the facility despite knowing that she had COVID-19 at the time.

These objections are unpersuasive. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Many of Plaintiff's objections reiterate arguments Judge Bryant considered and rejected. Those objections do not engage with Judge Bryant's analysis or point out any error of law or fact therein. They are therefore insufficient to overcome the report and recommendation.

The standard for a conditions-of-confinement claim "is whether the defendants acted with deliberate indifference." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). "A prison official is deliberately indifferent if he 'knows of and disregards' a substantial risk of harm to an inmate." *Id.* Plaintiff has not alleged any facts establishing that Defendants Maxwell and Minors knew of and disregarded a substantial risk of harm to his health. Plaintiff's objections state that Defendants Maxwell and Minors knowingly let Defendant Braylee enter the SWACCC while infected with COVID-19. However, Plaintiff's complaint does not allege that Defendants Maxwell and Minors knew Defendant Braylee was positive for COVID-19. Plaintiff cannot not assert arguments, claims, or legal theories in his objections that were not first presented to Judge Bryant for consideration. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Moreover, Plaintiff's objections also cannot amend his complaint to make that allegation. *See Fredin v. Middlecamp*, No. 0:17-CV-3058-SRN-HB, 2018 WL 4616456, at *4 (D. Minn. Sept. 26, 2018) (citing Fed. R. Civ. P. 15).

After *de novo* review of Plaintiff's specific objections, the Court agrees with Judge Bryant that Plaintiff's allegations are too general and conclusory to make out a cognizable section 1983 claim against Defendants Maxwell and Minors. A supervisor may be held liable under section 1983 if he or she was personally involved in a constitutional violation or if his or her corrective inaction amounts to deliberate indifference. *See Otey v. Marshall*, 121 F3d 1150, 1155 (8th Cir. 1997). However, Plaintiff has not alleged facts showing that Defendants Maxwell and Minors were personally involved in a violation or were deliberately indifferent to a violation.

Accordingly, the Court will adopt the report and recommendation. Plaintiff's claims against Defendants Maxwell and Minors will be dismissed. However, the dismissal will be without prejudice, rather than with prejudice. *See Clayton v. White Hall Sch. Dist.*, 778 F.2d 457,

460 (8th Cir. 1985) (describing Rule 12(b)(6) dismissal with prejudice as a "drastic and extremely harsh sanction" that "is warranted only by a pattern of intentional delay by the plaintiff[,] . . . cases of willful disobedience of a court order[,] or continued or persistent failure to prosecute a complaint").

### B. Defendant Braylee

Plaintiff alleges that Defendant Braylee entered the SWACCC while infected with COVID-19, traveled to various parts of the facility without wearing a mask, and infected an unspecified number of inmates.

Defendant Braylee argues, and Judge Bryant agrees, that Plaintiff has not stated a claim against her upon which relief can be granted. Judge Bryant notes that Plaintiff failed to allege that Defendant Braylee was in close contact with him or any other inmate during this time. Judge Bryant also notes that Plaintiff did not allege that Defendant Braylee knew she had COVID-19 when she entered the SWACCC and that Plaintiff's response to the motion to dismiss states that once Defendant Braylee tested positive, she isolated herself away from work. Thus, Judge Bryant finds that Plaintiff failed to allege facts establishing a causal link between Defendant Braylee and the inmates who tested positive for COVID-19. Because of the lack of a causal link, Judge Bryant also finds that Defendant Braylee's actions were at most negligent and do not amount to deliberate indifference.

Most of Plaintiff's objections are unresponsive to the report and recommendation and present no legal or factual basis to depart from Judge Bryant's findings. In relevant part, he argues that Defendant Braylee was deliberately indifferent to his health because she was unvaccinated and entered the SWACCC without a mask because she was unhappy with the result of the 2020

6

presidential election. However, nothing in Plaintiff's complaint establishes this. Thus, this argument is improperly raised for the first time in objections. *See Ridenour*, 679 F.3d at 1067; *Fredin*, 2018 WL 4616456, at *4.

The Court also notes that Plaintiff's response to Defendant Braylee's motion to dismiss makes new allegations that were not asserted in the complaint. Allegations can only be asserted in a complaint. *See Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Thus, the Court cannot consider any factual allegations raised for the first time in the response to Defendant Braylee's motion. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

But even if Plaintiff's newly raised allegations are properly considered here, the Court agrees with Judge Bryant that they still fail to state a claim upon which relief can be granted. Plaintiff does not establish that Defendant Braylee entered the SWACCC while knowing she had COVID-19, or that she was in close contact with Plaintiff or any other inmate while she had COVID-19. Thus, the allegations do not establish the necessary causal link between Defendant Braylee's actions and the harm claimed. The allegations therefore do not state a cognizable section 1983 claim against Defendant Braylee.[2] *See Hill v. Page*, No. 321-cv-0046-BRW/JJV, 2021 WL 2677359, at *3 (E.D. Ark. June 8, 2021) (granting Rule 12(b)(6) motion, in part, because there were no allegations that a maskless guard was ever in close contact with the plaintiff).

---

[2] Additionally, it does not seem that Defendant Braylee, who is alleged to be an employee of a company that provides commissary items to the jail, is a state actor against whom a section 1983 claim can be brought. *See Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) ("Only a state actor can face § 1983 liability.").

Accordingly, the Court will adopt the report and recommendation. Plaintiff's claims against Defendant Braylee will be dismissed, but the dismissal will be without prejudice rather than with prejudice. *See Clayton*, 778 F.2d at 460.

## IV. CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant reports and recommendations (ECF Nos. 42, 43) are hereby **ADOPTED** for the above-stated reasons. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of June, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge